UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| STEPHEN M. FOCHTMAN, | ) |
| Plaintiff, | ) Civil No. 13-104-ART |
| v. | ) |
| RHINO ENERGY, LLC, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

After five years litigating this case in state court, defendants CAM Mining LLC and Rhino Energy LLC ("CAM and Rhino Energy") removed this case to federal court, citing the plaintiff's supposedly recent revelation of a new basis for federal-question jurisdiction pursuant to 28 U.S.C. § 1331. R. 1 at 1 (citing 28 U.S.C. § 1441(a) and (c) as authorizing removal of this matter). Plaintiff Stephen Fochtman promptly moved to remand under 27 U.S.C. § 1447, alleging that CAM and Rhino Energy had removed the case to avoid or delay an impending trial in state court. R. 3-1 at 2. In support of his motion, Fochtman argued that (1) removal was untimely pursuant to 28 U.S.C. § 1446(b); (2) CAM and Rhino Energy had waived their right to removal; and (3) his causes of action did not arise under federal law or implicate a substantial federal question, so CAM and Rhino Energy had no grounds for removal.[1]  *Id.* at 4.  Because the Court lacks federal-question jurisdiction to consider

---

[1] In December 2011, Congress substantially amended the portions of the United States Code governing removal and remand. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"), Pub. L. No. 112-63, 125 Stat. 758 (2011). The revisions, however, apply only to actions commenced after the amendments' effective date of January 6, 2012. § 105, 125 Stat. at 762. This case commenced within the meaning of Kentucky law on June 5, 2008. R. 1-10 at 1–7; *see* Ky. R. Civ. P. 3.01 ("A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."). Accordingly, any citations to the United States Code in this order refer to the pre-amendment version of the removal provisions.

Fochtman's claims, removal is improper, and the Court must remand this case to the state court.

I. **The Court Lacks Federal-Question Jurisdiction in This Case.**

CAM and Rhino Energy would be entitled to remove this case if Fochtman "could have brought it in federal district court originally . . . as a civil action arising under the Constitution, laws or treaties of the United States." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing 28 U.S.C. §§ 1331, 1441(a)) (internal quotation marks and citations omitted). In most cases, plaintiffs invoke federal-question jurisdiction by pleading a cause of action created by federal law. *Id.* However, in limited instances, federal-question jurisdiction embraces state-law claims that implicate significant federal issues. *Id.* To determine whether federal-question jurisdiction is appropriate in such cases, the Court must inquire whether the relevant federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (clarifying *Grable*, 545 U.S. at 314).

According to CAM and Rhino Energy, this is one of the rare cases in which a state-law cause of action merits federal-question jurisdiction. CAM and Rhino Energy argue that the Court has original jurisdiction over this case because Fochtman's negligence *per se* claim against the defendants hinges on their alleged violation of the Federal Motor Carrier Safety Regulations ("FMCSR"). R. 1 at 4. However, application of *Grable* and *Gunn*'s four-part test to the circumstances of this case makes clear that federal jurisdiction does not lie over Fochtman's state-law claim.

Two factors support CAM and Rhino Energy's position in favor of removability. First, resolution of a federal question is "necessary" to Fochtman's case. In his second

2

amended complaint, Fochtman alleges violations of certain Kentucky statutory and regulatory provisions that incorporate federal law, including one regulation specifically adopting the FMCSR. R. 1-7 at 9 (citing 601 Ky. Admin. Regs. 1:005); *see* R. 1 at 5–6; R. 3-1 at 8–9. As CAM and Rhino Energy point out, Fochtman exclusively employed federal law to interpret the Kentucky regulations cited in his second amended complaint in a related motion for summary judgment. R. 1 at 7–8. Thus, the argument goes, applying Kentucky law in this case necessarily requires interpretation of federal law. Second, the parties "actually dispute[]" the federal issue here. CAM and Rhino Energy strenuously disagree with Fochtman's view of their liability under 601 Ky. Admin. Regs. 1:005, based on their differing interpretations of the FMCSR. *Id.* at 8.

But the remaining factors prevent removal in this case. The federal issue at stake does not qualify as "substantial," because it lacks importance to the federal system as a whole. *Gunn*, 133 S. Ct. at 1066. In other words, the resolution of this "fact-bound and situation-specific" federal issue would not necessarily dispose of this case or determine the outcome of other cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). Moreover, Fochtman brought a garden-variety state tort claim. *See Hampton v. R.J. Corman Ry. Switching Co.*, 683 F.3d 708, 712 (6th Cir. 2012). The Supreme Court has previously indicated that a claimed violation of a federal statute as an element of a run-of-the-mill state negligence cause of action is "insufficiently substantial to confer federal-question jurisdiction." *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986) (internal quotation marks omitted)).

Finally, permitting state courts to interpret the FMCSR would not disrupt the accommodation between federal and state interests endorsed by Congress. Congress has not, for example, created a private right of action for relief under the FMCSR or its underlying

3

statute. *See Schramm v. Foster*, 341 F. Supp. 2d 536, 547 (D. Md. 2004) (collecting cases); *see generally* Jennifer Mullenbach, *Third Party Logistics and Legal Liability for Personal Injuries: Where Does the Injured Motorists' Road to Recovery Lead?*, 33 Transp. L.J. 145 (2005). Of course, the absence of a federal private right of action does not entirely decide the issue of congressional intent. *Grable*, 545 U.S. at 317–18. Still, it is persuasive evidence that Congress did not intend to set out a "welcome mat" inviting state claims with embedded federal issues like this one into federal court. *Id.* at 318; *see Merrell Dow*, 478 U.S. at 810–12. Given the absence of a substantial federal interest in this case and the state's strong interest in developing its own personal injury doctrine without interference by federal courts, the Court presumes that state-court interpretation of the FMCSR would not upset Congress's balance of considerations.

For these reasons, the pendulum swings in favor of remand. Thus, the Court need not consider Fochtman's alternative argument concerning CAM and Rhino Energy's alleged waiver of their right to removal.

## II. CAM and Rhino Energy Untimely Removed This Case.

That leaves Fochtman's final objection: the alleged untimeliness of CAM and Rhino Energy's removal of this case. Where, as here, the Court obviously lacks federal-question jurisdiction over a case, no additional grounds for remand are required. Still, even if CAM and Rhino Energy were entitled to removal, their removal came too late.

When a case is not initially removable, a defendant has thirty days to file his notice of removal after he receives an amended pleading, motion, order, or other paper that signals that the case has since become removable. 28 U.S.C. § 1446(b). Federal courts strictly construe this timeline. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). The thirty-day period for removal begins as soon as a defendant has "solid and

unambiguous information that the case is removable." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011). Unless the party opposing removal has waived untimeliness as a ground for remand, failure to comply with this statutory deadline results in remand of the case to state court. *See Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993).

To explain their removal of this case on the eve of trial, after five years of litigation in state court, CAM and Rhino Energy allege that they only uncovered the supposed federal question lurking in this case in August and September 2013. R. 1 at 3–7. That is indeed when Fochtman stated his negligence *per se* claim based on CAM and Rhino Energy's violation of the FMCSR for the first time. *Id.* But, CAM and Rhino Energy already knew by 2009 that Fochtman had a state-law claim related to the FMCSR against one of their co-defendants, Randall Bartley. R. 1 at 2. In both his amended complaint and his response to a motion for summary judgment filed by CAM and Rhino Energy, Fochtman alleged that Bartley had violated the FMCSR. *See* R. 1-2 at 5; R. 3-1 at 12.

Now, assume for the sake of argument that the presence of a FMCSR-based state law claim renders a case removable.[2] On that assumption, this case became removable with the filing of Fochtman's first amended complaint in 2009 due to his FMCSR-based claim against Bartley. *See* 28 U.S.C. § 1441(c) (permitting the removal of an entire case containing both removable and non-removable claims). That amended complaint was the first "amended pleading . . . from which it may first be ascertained that the case is one which . . . has become removable," so it set the thirty-day removal clock in motion. § 1446(b). And, since the right to remove a case is joint rather than individual, the clock was ticking in 2009 for all four defendants—even CAM and Rhino Energy. *See Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009). In other words, it is irrelevant which defendant the plaintiff originally brought the claim against. If a "case" involves a federal claim against any

---

[2] The Court has, of course, already rejected this assumption. *See supra*, Part I.

5

defendant, that case is removable so long as all the defendants agree to removal. Thus, the case became removable in 2009, not 2013. As such, CAM and Rhino Energy missed their § 1446(b) deadline for removal by a mile. The only reasonable explanation for their delay is the one proposed by Fochtman: they improperly sought removal to delay trial in state court. R. 3-1 at 2.

**III. Fochtman Is Entitled to Costs and Actual Expenses, Including Attorney's Fees.**

Having prevailed on his motion to remand, Fochtman next requests that the Court grant him costs and reasonable attorney fees to sanction CAM and Rhino Energy for belatedly seeking removal. R. 3-1 at 16. Pursuant to 28 U.S.C. § 1447(c), the Court may require payment of just costs and any actual expenses, including attorney's fees, incurred as the result of removal. Normally, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). In this case, while Supreme Court and Sixth Circuit precedent made successful removal an extremely unlikely proposition, the Court cannot say that CAM and Rhino Energy's basis for removing would have been objectively unreasonable four years ago. And maybe had they done it then, costs would not have been warranted. However, where the timing of the removal indicates that the real reason for removal is delay and disruption, costs are justified. *See Martin*, 546 U.S. at 140 (recognizing "the desire to deter removals sought for the purpose of prolonging litigation"). That is precisely what occurred here. The defendants removed the case four years after it arguably became removable and on the door step of trial. That is disruptive to the state court, disruptive to the litigation, and disruptive to the parties' lives. If anything merits rewarding costs, a removal such as this surely does. The Court will therefore award Fochtman costs and reasonable expenses incurred as the result of removal.

Accordingly, it is **ORDERED** that:

(1) Fochtman's motion to remand this case to state court, R. 3, is **GRANTED**. This case is **REMANDED** to the Pike County Circuit Court and **STRICKEN** from the Court's active docket.

(2) Fochtman's motion for costs, R. 3, is **GRANTED**. By **Friday, November 15, 2013**, Fochtman shall **FILE** a statement cataloguing his costs and expenses, including attorney's fees, incurred as a result of removal.

(3) The telephone conference scheduled for October 18, 2013, R. 6, is **VACATED**.

This the 17th day of October, 2013.

Signed By:
*Amul R. Thapar* AT
United States District Judge